Louis R. Martinez, Esq. (LM9155)
Stephan A. Fisher, Esq. (SF8134)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
Attorneys for Defendant
DELTA AIR LINES, INC.
i/s/h/a Delta Air Line, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENAE KASSOTIS and DANA STRICKER,

            Plaintiffs,

-against-

DELTA AIR LINE, INC., DELLA BROWN, and TARA CARR,

           Defendants.

Case No.:

**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL**

**ECF CASE**

---

      Defendant DELTA AIR LINES, INC. i/s/h/a "Delta Air Line, Inc.," (hereinafter "DELTA"), by its attorneys, Martinez & Ritorto, P.C., for removal of this action from the Supreme Court of the State of New York, Westchester County, to the United States District Court for the Southern District of New York, respectfully shows this Honorable Court:

      1.    The Summons and Complaint in this action were served on DELTA via its designated agent for service of process in New York, Corporation Service Company, on April 4, 2014; a true copy of the Proof of Service is attached hereto as Exhibit "A" and made a part hereof.

2. True copies of the Summons and Complaint dated April 4, 2014, are attached hereto as Exhibit "B" and made a part hereof.

3. That the time to answer or otherwise move with respect to the Summons and Complaint has not yet expired.

4. That, upon information and belief, the aforementioned Summons and Complaint were the first and only pleadings delivered to DELTA in the said action.

5. That the above-referenced action is a civil action allegedly arising out of emotional injuries sustained by Plaintiffs on or about March 3, 2014, aboard Delta ExpressJet Flight 5284 from Minneapolis-St. Paul International Airport, St. Paul, Minnesota to Newark International Airport, Newark, New Jersey.

6. That thirty days have not yet expired since the action became removable to this Court.

7. That, upon information and belief, Plaintiffs Denae Kassotis and Dana Stricker are residents of Westchester County, New York.

8. That Defendant DELTA was at all times relevant herein a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Georgia. DELTA's address is 1030 Delta Boulevard, Atlanta, GA 30354.

9. Upon information and belief, Defendants Della Brown and Tara Carr have not yet been served with process and have not otherwise appeared in the State action.

## **BASIS FOR REMOVAL**

10. This action is one over which the District Courts of the United States have original jurisdiction by reason of Federal Question Jurisdiction under Title 28, United States Code, Section 1331 on the basis that the Airline Deregulation Act of 1978 (ADA), 49 U.S.C. App. § 1305(a)(1), preempts state law relating to the rates, routes, or services of any air carrier. Plaintiffs' claims require the resolution of issues relating to the services of an air carrier, including enforcing federal safety regulations requiring passengers to, *inter alia*, fasten their seat belts and turn off all electronics during ascent and descent. Therefore, by virtue of the provisions of Title 28, United States Code, Section 1441(b), the entire case is one that may be removed to this Court.

11. An alternative basis for removal is that this action is one over which the District Courts of the United States have original jurisdiction by reason of Federal Question Jurisdiction under Title 28, United States Code, Section 1331 on the basis that the Federal Aviation Act of 1958, 49 U.S.C. § 40101 et seq., preempts state law standards governing aviation safety and operations concerning flight. See, e.g., Schaeffer v. Cavallero, 29 F. Supp. 2d 184 (S.D.N.Y. 1998). Plaintiffs' claims require the resolution of substantial questions of federal law, including aviation safety and flight operations, as Plaintiffs' claims arise out of the airline's enforcement of federal safety regulations requiring passengers to, *inter alia*, fasten their seat belts and turn off all electronics during ascent and descent. Therefore, by virtue of the provisions of Title 28, United States Code, Section 1441(b), the entire case is one that may be removed to this Court.

WHEREFORE, Defendant respectfully submits that: 1) this Notice complies with the statutory removal requirements; 2) this action should proceed in this Honorable Court as a properly removed action; and 3) that Defendant should have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 29, 2014

                                MARTINEZ & RITORTO, P.C.

                                By _____
                                   Louis R. Martinez, Esq. (LM9155)

                                30 Wall Street, 8th Floor
                                New York, New York 10005
                                (212) 248-0800

                                *Attorneys for Defendant*
                                DELTA AIR LINES, INC.
                                i/s/h/a Delta Air Line, Inc.

TO:

Law Office of Dana Stricker PLLC
903 Sheridan Avenue, 2nd Floor
Bronx, New York 10451

*Attorneys for Plaintiffs*



**EXHIBIT A**

# Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**
**Transmittal Number:** **12385670**
(Click the Transmittal Number to view your SOP)
*For more information on instant access to your SOP, click Sign Me Up.*
Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc. |
| **Entity I.D. Number:** | 2078129 |
| **Entity Served:** | Delta Air Lines, Inc. |
| **Title of Action:** | Denae Kassotis vs. Delta Air Lines, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Westchester County Supreme Court, New York |
| **Case/Reference No:** | 54328/2014 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 04/04/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Dana Stricker
914-588-0651

**Primary Contact:**
Kiia Adams
Delta Air Lines, Inc

**NOTES:**
Personal Injury, Flight 5284 Newark, Damages in the amount of $50,000.00
To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information related to CSC's Litigation and Matter Management services, including MYSOP, online acknowledgement of SOP and to view a complete library of all SOP received on your behalf by CSC.
**CSC is SSAE 16 certified for its Litigation Management System.**

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882   |   sop@cscinfo.com**



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------x
Denae Kassotis and Dana Stricker

                Plaintiffs

-against-

Delta Air Lines, Inc., Della Brown
and Tara Carr

                Defendant.
---------------------------------------------------------------x

Index No.: 54328/2014
Filed: 3/31/14

**SUMMONS**

Plaintiff designated

Westchester County as the place of trial

The basis of venue is the place of Plaintiff's residence: 42 Beacon Hill Drive, Dobbs Ferry, New York 10522

## TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer the summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Dobbs Ferry, New York
       March 10, 2014

Law Office of Dana Stricker PLLC
903 Sheridan Avenue, 2nd Floor
Bronx, New York 10451
(914) 588-0651

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------x
Denae Kassotis and Dana Stricker

                Plaintiffs

                -against-

Delta Air Line, Inc., Della Brown
and Tara Carr

                Defendants.
-----------------------------------------------------------x

Index No.: 54328/2014

**VERIFIED COMPLAINT**

Plaintiffs Denae Kassotis and Dana Stricker, by the LAW OFFICE OF DANA STRICKER, PLLC, as and for their Verified Complaint, respectfully allege upon information and belief as follows:

1. At all times herein mentioned, plaintiff Denae Kassotis and Dana Stricker are and continue to be residents of the County of Westchester, State of New York.

2. At all times hereinafter mentioned, Defendants Delta Air Lines (hereinafter "Delta"), was a domestic corporation doing business, in the State of New York.

3. At all times hereinafter mentioned, Defendant Delta owned, leased, controlled and/or was in possession and control of the Delta Express Jet Airline Flight #5284 on March 3, 2014, from Minnesota to Newark.

4. At all times hereinafter mentioned, Defendant Delta employed, contracted with, engaged the services of, or had a relationship with flight attendants Della Brown and Tara Carr.

5. At all times hereinafter mentioned, Della Brown and Tara Carr were flight attendants on Delta Express Jet Airline Flight #5284 on March 3, 2014, from Minnesota to Newark.

6. On March 3, 2014, Plaintiffs were lawfully flying on Delta Express Jet Airline Flight #5284 on March 3, 2014, from Minnesota to Newark.

7. On March 3, 2014, while Plaintiffs were lawfully flying on Delta Express Jet Airline Flight

#5284 on March 3, 2014, from Minnesota to Newark, Defendant Della Brown or Tara Carr (neither attendant would provide their names or the other's name) grabbed Plaintiff Denae Kassotis by the arm.

8. Plaintiff Dana Stricker saw Plaintiff jump and cry out and asked either Della Brown or Tara Carr why she grabbed Plaintiff Denae Kassotis. Defendant Carr or Brown claimed: "To get her attention". Defendant Della Brown or Tara Carr was acting in a threatening manner to plaintiffs Dana Stricker and Denae Kassotis at such time.

9. When the plane landed, plaintiffs asked either Della Brown or Tara Carr for her name. She refused. Plaintiffs then asked the other flight attendant for the other's name. She refused to provide a name. During this time, either Della Brown or Tara Carr was standing behind plaintiffs in a threatening manner. Plaintiff's felt afraid for their safety.

10. Plaintiffs asked to see the Captain of the flight. Della Brown or Tara Carr refused. At that point, the Captain came out and contacted airline staff to assist the Plaintiffs.

11. Either Della Brown or Tara Carr followed plaintiffs' off of the plane and stood watching them when they were talking with airline staff. Plaintiffs' felt threatened as a result of either Della Brown or Tara Carr's angry voice, refusal to leave the area, and, in general, in acting in a threatening manner.

12. As a result of Defendants' actions, Plaintiff Denae Kassotis was battered, both plaintiff's were assaulted and harassed, suffering from fear for their physical safety, discomfort, unease and continued emotional stress.

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

(a) Damages in the sum of FIFTY THOUSAND ($50,000.00) Dollars;

(b) Together with interest, costs and disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated:
Westchester, New York
March 10, 2014

## VERIFICATION

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF BRONX   )

I, Denae Kassotis, am the Plaintiff in the within action. I have read the forgoing complaint and know the contents thereof. The contents are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

*Denae Kassotis*
Denae Kassotis

Sworn before me this 10th day
of March, 2014

_____
Notary Public

DANA RENEE STRICKER
Notary Public, State of New York
No. 02ST6022471
Qualified in Westchester County
Commission Expires July 3, 2015

## VERIFICATION

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF BRONX   )

I, Dana Stricker, am a Pro-Se Plaintiff in the within action. I have read the forgoing complaint and know the contents thereof. The contents are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

*Dana Stricker*
Dana Stricker

Sworn before me this 10th day
of March, 2014

_____
Notary Public

LISA M. LICATA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02LI4979885
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES APRIL 8, 2015