Louis R. Martinez, Esq. (LM9155)
Stephan A. Fisher, Esq. (SF8134)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
Attorneys for Defendant
DELTA AIR LINES, INC.
i/s/h/a Delta Air Line, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENAE KASSOTIS and DANA STRICKER,<br><br>        Plaintiffs,<br> -against-<br><br>DELTA AIR LINE, INC., DELLA BROWN, and TARA CARR,<br><br>        Defendants. | Case No.: 14-3025 (AKH) (JCF)<br><br>**DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO THE VERIFIED COMPLAINT**<br><br>**ECF CASE** |

    Defendant DELTA AIR LINES, INC., i/s/h/a "Delta Air Line, Inc.," (hereinafter "DELTA"), by its attorneys, Martinez & Ritorto, P.C., as and for an Answer to Plaintiff's Verified Complaint herein, respectfully alleges upon information and belief as follows:

    1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Verified Complaint.

    2.  Denies the allegations of Paragraph 2 of the Verified Complaint, as DELTA is a corporation organized and existing under and by virtue of the laws of the State of Delaware.

    3.  Denies the allegations of Paragraph 3 of the Verified Complaint.

4. Denies the allegations of Paragraph 4 of the Verified Complaint, as Flight Attendants Della Brown and Tara Carr were employed by Expressjet Airlines, Inc.

5. Admits the allegations of Paragraph 5 of the Verified Complaint.

6. Denies the allegations of Paragraph 6 of the Verified Complaint as stated, but admits that Plaintiffs were passengers aboard Delta Expressjet Flight 5284.

7. Denies the allegations of Paragraph 7 of the Verified Complaint.

8. Denies the allegations of Paragraph 8 of the Verified Complaint.

9. Denies the allegations of Paragraph 9 of the Verified Complaint.

10. Denies the allegations of Paragraph 10 of the Verified Complaint.

11. Denies the allegations of Paragraph 11 of the Verified Complaint.

12. Denies the allegations of Paragraph 12 of the Verified Complaint.

## AS AND FOR A FIRST DEFENSE

13. The Verified Complaint and each purported claim for relief fails to state a claim against DELTA upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

14. PLAINTIFFS failed to join persons who ought to be parties or are necessary and/or indispensable to a just adjudication of their claim.

## AS AND FOR A THIRD DEFENSE

15. DELTA's liability is limited according to Article 16 of the New York CPLR or other similar law.

## AS AND FOR A FOURTH DEFENSE

16. The occurrence and damages alleged in the Verified Complaint, if any, were contributed to by the fault, neglect, and want of care of persons or parties other than

DELTA for whose acts or omissions DELTA is not liable or responsible, and any liability or responsibility for damages sustained by PLAINTIFFS is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

## AS AND FOR A FIFTH DEFENSE

17. If PLAINTIFFS were damaged as alleged in the Verified Complaint or otherwise as may be shown, such damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which DELTA is not liable or responsible.

## AS AND FOR A SIXTH DEFENSE

18. To the extent that PLAINTIFFS sustained damages as alleged in the Verified Complaint, PLAINTIFFS failed to mitigate damages as required by applicable law.

## AS AND FOR A SEVENTH DEFENSE

19. The occurrence and damages alleged in the Verified Complaint, if any, resulted from an Act of God, unavoidable accident, sudden emergency, or conditions or occurrences for which DELTA is not liable or responsible.

## AS AND FOR AN EIGHTH DEFENSE

20. If it is determined that PLAINTIFFS received or will with reasonable certainty receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part, from any collateral source, then in that event, the assessment of any such cost or expense is hereby pleaded as a collateral source in reduction of the amount of any award obtained herein.

### AS AND FOR A NINTH DEFENSE

21. The occurrence and damages alleged in the Complaint, if any, were caused in whole or in part by the conduct, assumption of the risk, negligence, and/or lack of due care on the part of PLANTIFFS, including, but not limited to, PLANTIFFS' failure to abide by the applicable terms of the contract of carriage, failure to follow the lawful directions of the flight crew, and failure to abide by applicable Federal Aviation Regulations.

### AS AND FOR AN TENTH DEFENSE

22. This action is governed by the Federal Aviation Act of 1958, 49 U.S.C. § 40101 *et seq.*, which preempts state law standards governing aviation safety and flight operations.

### AS AND FOR A ELEVENTH DEFENSE

23. This action is governed by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 1305, which preempts state law standards governing rates, routes, or services of any air carrier.

### AS AND FOR A TWELFTH DEFENSE

24. PLAINTIFFS' claims may be based upon pre-existing medical conditions, or other medical conditions, causes or damages which are an impediment and/or mitigation for any compensation that PLANTIFFS seek in this case.

### AS AND FOR A THIRTEENTH DEFENSE

25. DELTA reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, having fully answered the allegations contained in PLANTIFFS' Verified Complaint, Defendant DELTA demands:

1) judgment dismissing the Verified Complaint;

2) costs and disbursements of this action, including reasonable attorneys' fees; and

3) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 2, 2014

MARTINEZ & RITORTO, P.C.

By   /S Louis R. Martinez
    _____
  Louis R. Martinez, Esq. (LM9155)

30 Wall Street, 8th Floor
New York, New York 10005
(212) 248-0800

*Attorneys for Defendant*
DELTA AIR LINES, INC.
i/s/h/a Delta Air Line, Inc.

TO:

Law Office of Dana Stricker PLLC
903 Sheridan Avenue, 2nd Floor
Bronx, New York 10451

*Attorneys for Plaintiffs*

## ATTORNEY'S AFFIRMATION OF SERVICE

I, the undersigned, an attorney duly admitted to practice in the courts of the State of New York, state that I am one of the attorneys for Defendant DELTA AIR LINES, INC., in the within action; on May 2, 2014, I served the following:

**DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO THE VERIFIED COMPLAINT; and RULE 7.1 CORPORATE DISCLOSURE STATEMENT**

by forwarding a copy to the following person at his last known address set forth below via First Class Mail:

Law Office of Dana Stricker PLLC
903 Sheridan Avenue, 2nd Floor
Bronx, New York 10451

*Attorneys for Plaintiffs*

I affirm the foregoing statements are true, under penalties of perjury.

Dated: May 2, 2014

Michael Maragoudakis